C. L. ARNOLD, *Appellant*, v. MATILDA ARNOLD, *Appellee.*

No. 16,726.

Appeal from Marion district court. Opinion denying a rehearing, filed February 21, 1911. (For original opinion, see 83 Kan. 539.)

*A. M. Jackson,* and *A. L. Noble,* for the appellant.
*L. F. Keller,* for the appellee.

*Per Curiam:* In a petition of the appellant for a rehearing it is insisted that while this court has declared the law of the case as the plaintiff contended, it has denied to him the fruits of the victory, and compelled the parties to litigate a question not in issue under the pleadings. The action was to recover the possession of real estate. The answer was a general denial. The evidence proved that the plaintiff had an equity in the land under the contract, but this did not give him the right of possession. He was entitled to less than he claimed, but still he should recover his real interest. The defendant's repudiation of the contract could not defeat the plaintiff's rights under it.

It is insisted, however, that the defendant should not have any benefit of the contract, because she made no claim under it. It is true that she, too, claimed more than she was entitled to, but this claim did not give to the plaintiff any greater interest in the property than he was justly entitled to under the contract. After authorizing her son to procure a conveyance from her husband, she refused to make payment and accept the deed; but this action did not operate to give to the plaintiff an absolute title in fee simple to the land, which he testified that he purchased for her as her agent. He held, and still holds, the legal title in trust for her, but subject to his right under the contract.

While the defendant did not plead the contract, the plaintiff presented it in evidence, thus showing the extent of his interest, and this is all that he can recover.

Complaint is made of the order directing a new trial. This order permitted the plaintiff to prove any equity he might possibly have in the land further than that appearing from the face of the contract, but as he now says that all the facts are shown in the record and asks that judgment be ordered thereon if a rehearing is denied, and as it thus appears that further litigation is unnecessary this request will be granted.

A doubt was expressed in the opinion whether the plaintiff should recover more than the $900 paid to J. G. Arnold. In view of the facts that the plaintiff also released his interest in the agreement for the father's support, as part of the transaction, and that the stipulation of the mother to pay $1100 to the

son was not made conditional upon the amount to be paid to the father, it is now held that she should pay the $1100, as provided in the agreement, less the $100 advanced at its date, with interest on such balance at the legal rate from the date upon which the ·plaintiff offered to make conveyance to the defendant.

A judgment should be entered carrying into effect the contract of February 13, 1909. The plaintiff should be required to deliver to the defendant, or deposit in court for her, a conveyance to her of the land in question, duly executed and acknowledged, together with an abstract of title and the deed or deeds made by J. G. Arnold and his wife to him, as provided in the contract, and a release of any encumbrances, lien or liens given or suffered upon the land by the plaintiff or J. G. Arnold or J. G. Arnold and wife, or either of them. The defendant should be ·required to pay or deposit in court for the plaintiff the sum of $1000, and interest as stated. A reasonable time should be fixed for such deliveries and payment; and a lien should be declared upon the land to secure such payment and the usual provisions made for enforcing the same by sale as upon execution.

The costs should be paid in equal parts by the plaintiff and the defendant.

The motion for a rehearing is denied, and a mandate will be issued directing the district court to enter judgment in accordance with these views.