SARAH McELHANEY, *Appellee,.* v. THE KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY, *Appellant.*

No. 17,163.

HEADNOTE BY THE REPORTER.

DAMAGES—*Obstruction of Ingress and Egress—Use of Alley— Conclusiveness of Findings.* In an action against a railway company for damages for laying a track so as to obstruct the plaintiff's access to the street from his lot, held that whether the property was accessible through an alley, and whether the track complained of was available for use by the plaintiff, were questions of fact, concerning which the finding of the trial court in final.

Appeal from Sedgwick district court.  Opinion filed June 10, 1911.  Affirmed.

*John A. Eaton, Dudley W. Eaton,* and *Holmes & Yankey,* for the appellant.

*E. L. Foulke,* and *C. A. Matson,* for the appellee.

*Per Curiam:*  If the defendant had succeeded in its attempt to prove the existence of an alley in the rear of the property so that the ingress and egress of the plaintiff were not cut off by the construction of the switch, and had further succeeded in proving that the switch as constructed was available for the use of the plaintiff's property, its contentions would be sound and it would appear from the plaintiff's own witnesses that the property was worth as much immediately after as it was before the tracks of the defendants were constructed.  But there was a sharp controversy upon both of these propositions, and the verdict of the jury is against the defendant.  Most of the other questions raised have been decided adversely to the defendant in *Wichman v. Railway Co.,* 84 Kan. 339.  We find no abuse of discretion in the manner in which the jury was selected.

The judgment is affirmed.